EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Reglamento del Programa de Administración de Documentos del Poder Judicial | 2022 TSPR 85<br><br>209 DPR |

Número del Caso:  ER-2022-01

Fecha:  30 de junio de 2022

Materia:  Reglamento del Programa de Administración de Documentos del Poder Judicial.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Reglamento del Programa de       ER-2022-01
Administración de Documentos
del Poder Judicial


RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2022.

Este Tribunal aprueba el *Reglamento del Programa de Administración de Documentos del Poder Judicial*.

Notifíquese al Director Administrativo de los Tribunales.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

# REGLAMENTO DEL PROGRAMA DE ADMINISTRACIÓN DE DOCUMENTOS DEL PODER JUDICIAL DE PUERTO RICO

## Capítulo I. En general

**Regla 1.      Título**

Este Reglamento se conocerá como "Reglamento del Programa de Administración de Documentos del Poder Judicial de Puerto Rico".

**Regla 2.      Base legal**

Este  Reglamento se adopta en virtud de la autoridad concedida por el Artículo V, Sección 7, de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1; conforme a las disposiciones y los propósitos de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (4 LPRA sec. 24 *et seq.*); a tenor de las potestades y atribuciones reconocidas por la Ley Núm. 5 de 8 de diciembre de 1955, según enmendada, conocida como la Ley de Administración de Documentos Públicos de Puerto Rico, 3 LPRA sec. 1001 *et seq.*,  y de conformidad con la Regla 44 de de Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, en lo que sea pertinente, 4 LPRA Ap. II-B.

**Regla 3.      Propósito**

Este Reglamento se adopta con el propósito de establecer en un solo cuerpo jurídico las normas que regirán los procesos de administración, conservación y disposición de documentos del Poder Judicial, autorización que ha sido reconocida al Tribunal Supremo, cuya administración oficial recae sobre el (la) Juez(a) Presidente(a) o la persona autorizada como su representante.  El objetivo principal será establecer un programa uniforme de administración de documentos para el Poder Judicial.  Estas normas regirán el manejo, la conservación y la disposición sistemática y uniforme de los documentos y expedientes judiciales, y otros que genere el Poder Judicial, sean estos físicos o electrónicos, y la aplicación de los principios de eficiencia, ahorro y utilidad de los documentos.

**Regla 4.      Cláusula de Interpretación**

Las disposiciones de este reglamento no se interpretarán aisladamente. Este Reglamento será compatible y complementario con las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal, las Reglas de Procedimiento para Asuntos de Menores, las Reglas para la Administración del Tribunal de Primera Instancia, el Reglamento del Tribunal de Apelaciones de Puerto Rico, el Reglamento del Tribunal

Supremo de Puerto Rico, las Disposiciones Administrativas para el uso del SUMAC y cualquier otra legislación o normativa aprobada por la Oficina de Administración de los Tribunales para el funcionamiento adecuado de los sistemas electrónicos.

Las reglas deben interpretarse con sujeción a toda la legislación habilitadora mencionada anteriormente. Asimismo, seguirán como referencia, en lo que sea compatible con la realidad operacional y estructural del Poder Judicial, los Principios Generales Aceptados de Mantenimiento de Registros (*General Accepted Recordkeeping Principles*)*,* aprobados por la Asociación de Manejadores y Administradores de Registros (*Association of Records Managers and Administrators*, [ARMA]), según adaptados para los sistemas judiciales por la Conferencia de Administradores y Administradoras de Cortes Estatales (*Conference of State Courts Administrators* [COSCA]).

## Regla 5.    Aplicación

Este Reglamento aplicará a todos los documentos y expedientes que al entrar en vigor se encuentren bajo la custodia del Poder Judicial y a todos los documentos que reciba, origine o conserve en lo sucesivo, tanto en soporte físico, o electrónico, o en cualquier otra tecnología equivalente de manejo y reproducción de la información, a menos que este Reglamento disponga lo contrario. Esto incluye información, documentos y expedientes creados, recibidos y mantenidos electrónicamente o en cualquier otro medio confiable equivalente, así como la información, los documentos y los expedientes originados en papel que posteriormente se digitalicen o se reproduzcan en otro medio confiable equivalente.

## Regla 6.    Definiciones

Los siguientes términos, palabras y frases utilizadas en el contexto del presente Reglamento tendrán el significado que se indica a continuación:

(1)    **Área de Administración de Documentos –** Área administrativa creada por mandato de ley para administrar, archivar, conservar y custodiar los expedientes inactivos de los tribunales hasta su disposición final.

(2)    **Archivo Central del Poder Judicial** - Depositario oficial de todo documento inactivo del Poder Judicial en virtud de las disposiciones de estas Reglas. Es el área administrativa designada por ley para administrar, archivar, conservar y custodiar los expedientes inactivos de los tribunales hasta su disposición final.  También se le conoce como el Área de Administración de Documentos del Poder Judicial.

(3)    **Archivo General de Puerto Rico** - Archivo General del Estado Libre Asociado de Puerto Rico, según lo dispone la Ley de Administración de Documentos Públicos de Puerto Rico.

(4)    **Clasificación de documentos** - Proceso de identificar los documentos cuando se requiere hacer una evaluación de su contenido o causa de acción incluida en

2

el caso para determinar su categoría. Mediante este proceso se establece el término de conservación del documento según el Itinerario de Retención de Expedientes.

(5) **Comité Ejecutivo** - Comité compuesto por cinco personas designadas por el(la) Director(a) Administrativo(a) de los Tribunales para realizar las encomiendas del inventario de retención de documentos, así como cualquier enmienda al Itinerario de Retención de Expedientes. El Comité Ejecutivo estará compuesto por un(a) Juez(a) Superior y cuatro empleados(as) o funcionarios(as) del Poder Judicial seleccionados(as) de las áreas de trabajo siguientes: Operaciones, Recursos Humanos, Informática, Secretaría, Administración de Documentos y Área Fiscal.

(6) **Copia certificada** - La reproducción que se expida y certifique de un documento, como copia fiel y exacta del original que obra en los archivos a cargo de la persona custodia de documentos, y que incluye los expedientes físicos y electrónicos.

(7) **Custodia** - Acción de mantener, administrar y velar por la integridad y seguridad del expediente judicial, sea en formato físico o electrónico.

(8) **Dependencia** - Cualquier oficina, tribunal, junta o negociado del Poder Judicial donde se originen, conserven o reciban documentos públicos.

(9) **Director(a) Administrativo(a)** - El (La) Director(a) Administrativo(a) de los Tribunales.

(10) **Disposición** –Última etapa de vida úde los documentos y expedientes, al cabo de la cual estos últimos son preservados de manera indefinida o son destruidos de forma controlada y segura.

(11) **Documento** - Todo escrito, papel, folleto, fotografía, fotocopia, película, microforma, mapa, dibujo, plano, cualquier material o formato leído por máquina, o grabación para perpetuar un testimonio en cinta magnetofónica, cinta videomagnetofónica, estenotipia, taquigrafía o cualquier otra forma que se utilice para perpetuar el testimonio. Comprenderá, además, cualquier otro material, sin importar su forma o características físicas, que se origine, se reciba o se conserve en los tribunales de justicia a través de las Secretarías, de las Salas cuando estas funcionan como tales, en los despachos de los(las) jueces(zas) y demás funcionarios(as) y empleados(as) de los Tribunales de Primera Instancia, Tribunal de Apelaciones, Tribunal Supremo, Oficina de Administración de los Tribunales o cualquier otra dependencia del Poder Judicial. Esto incluye cualquier documento que sea un *exhibit* de un expediente e, incluso, la prueba marcada para su identificación, que haya sido ofrecida y no admitida en evidencia. Esto comprende, además, todo documento presentado en forma digital y almacenado en cualquiera de los sistemas electrónicos del Poder Judicial, incluyendo el SUMAC.

(12) **Documento activo** –Documento o expediente que debe permanecer disponible, ya que no ha transcurrido su vida útil, en un caso sin disposición final

(sentencia o resolución), o que no ha culminado el tiempo para que la determinación de ese caso sea final y firme. También se refiere a expedientes personales de funcionarios(as) que laboran en el Poder Judicial u otros asuntos administrativos vigentes.

(13) **Documento confidencial** – Documento, parte de un documento o expediente que, por su contenido, no está sujeto a examen, inspección, estudio o reproducción para el público y que ha sido clasificado como confidencial por disposición de ley, de alguna regla o de algún reglamento, o por una orden judicial.

(14) **Documento digital o electrónico** – Documento (expediente del SUMAC, textos, mapas, planos, videos, imágenes, entre otros) procesado, almacenado y manejado por computadoras u otros dispositivos electrónicos. Los documentos de este tipo pueden haber pasado por un proceso de conversión a formatos digitales, cuando originalmente se encuentren en un formato físico (papel, discos análogos o cintas análogas).

(15) **Documento histórico o de valor histórico** – Documento que resulte o pueda resultar de valor para evidenciar, estudiar o conocer el patrimonio histórico, social, económico y cultural del Pueblo de Puerto Rico; para el estudio y conocimiento de la vida y obra de puertorriqueños ilustres, así como el origen y desarrollo del Sistema Judicial de Puerto Rico.

(16) **Documento fiscal** - Todo documento que se origine, conserve o reciba en cualquiera de las dependencias del Poder Judicial de Puerto Rico y que se use para tramitar, procesar, registrar, resumir e informar las operaciones financieras del Poder Judicial o del gobierno, que origine un ingreso o un desembolso de fondos públicos o que en alguna forma sea necesario para que el (la) Contralor(a) de Puerto Rico pueda fiscalizar los ingresos, las cuentas y los desembolsos de las dependencias del Estado Libre Asociado de Puerto Rico, o para que el (la) Secretario(a) de Hacienda pueda, entre otros actos:

(a) examinar, ajustar, decidir y liquidar las cuentas y reclamaciones pertinentes a ingresos del Estado Libre Asociado, de propiedad del Gobierno de Puerto Rico o que se tengan en fideicomiso;

(b) examinar y ajustar las operaciones fiscales, presupuestos, ingresos, egresos, transferencias y ventas de propiedad, y

(c) Llevar y custodiar las cuentas del Poder Judicial.

(17) **Documento inactivo** – Documento cuya vida útil ha transcurrido o es un expediente, físico o electrónico, en el cual ya hay una disposición final (sentencia o resolución) y firme.

4

(18) **Documento público** – Todo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que se conserve permanente o temporalmente como prueba de las transacciones o por su utilidad administrativa, valor legal, fiscal, cultural o informativo, según sea el caso. Incluye los documentos producidos de forma electrónica que cumplan con las leyes y los reglamentos.

(19) **Expediente** - Conjunto ordenado de todos los documentos correspondientes a un asunto, una petición, una demanda o una reclamación, o cualquier solicitud de remedios que surja en virtud de una ley o de un reglamento, sea en papel (expediente físico) o en formato electrónico, como el SUMAC, o cualquier otro sistema de manejo electrónico de los documentos que el Poder Judicial implemente. También incluye los expedientes de personal y otros asuntos administrativos.

(20) **Expediente judicial electrónico** - Expediente oficial del tribunal en el cual constarán los documentos que se presenten electrónicamente a través del SUMAC, así como los dictámenes judiciales, las notificaciones y cualquier otro documento que se encuentre en este sistema. Los documentos que formen parte del expediente electrónico se reflejarán mediante una anotación cronológica. No obstante, se considerará parte del expediente oficial del tribunal todo documento u objeto presentado físicamente en la Secretaría que no pueda presentarse electrónicamente conforme a las exclusiones dispuestas en las Disposiciones Administrativas de SUMAC. Estos expedientes requieren de una computadora u otra máquina para procesarlos y satisfacer la definición legal de *electronic record* dispuesta en el título sobre Documentos e Impresiones Públicas, 44 USCA sec. 3301. Incluye cualquier documento que deba formar parte del expediente judicial electrónico pero que, por razones técnicas o cualquier otra razón, no pueda ser presentado electrónicamente y se haya autorizado su presentación en formato físico, que eventualmente deberá ser digitalizado para formar parte del expediente judicial electrónico.

(21) **Expedientes judiciales de naturaleza civil** - Conjunto ordenado y cronológico de las diligencias y mociones incluidas en un caso civil, en formato físico o electrónico, que incluirá órdenes, resoluciones, sentencias, determinaciones judiciales, minutas, mociones escritas, anejos, *exhibits* y cuantos escritos adicionales deban constar en los autos de las causas civiles, incluyendo los documentos presentados por las partes. Se refieren tanto a los asuntos de competencia superior como municipal.

(22) **Expedientes judiciales de naturaleza criminal** - Conjunto de los pliegos acusatorios, citación, documentos de fianzas, órdenes de arresto, declaraciones juradas, mociones escritas, anejos, *exhibits*, minutas, determinaciones judiciales, órdenes, resoluciones, sentencias y cualquier otro documento que forme parte de un proceso criminal, incluyendo los documentos presentados por las partes, ya en formato físico o electrónico.

(23) **Expedientes judiciales de casos de familia** - Conjunto ordenado y cronológico de las diligencias y mociones incluidas en un caso de relaciones de familia,

ya en formato físico o electrónico, el cual incluirá, pero sin limitarse, a órdenes, resoluciones, sentencias, determinaciones judiciales, minutas, mociones escritas, anejos, *exhibits* y cuantos escritos adicionales deban constar en los autos de las causas civiles, incluyendo los documentos presentados por las partes. Esto incluye también los expedientes a tenor de la Ley Núm. 246-2011, según enmendada, Ley para la Seguridad, Bienestar y Protección de Menores, 8 LPRA sec. 1101 *et seq.*, o cualquier ley similar aprobada posteriormente.

(24) **Expedientes judiciales de faltas de menores** - Conjunto ordenado de la queja, querella, estudio social, certificado de nacimiento, citaciones, Resoluciones, órdenes, determinaciones judiciales, mociones escritas, alegaciones, anejos, *exhibits*, minutas y cualesquiera otros escritos, así como todo documento presentado en evidencia, incluyendo informes de peritos relacionados con el caso de un(a) menor, en formato físico o electrónico.  Esto incluye los expedientes a tenor de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 LPRA sec. 2201 *et seq.*, o cualquier ley similar aprobada posteriormente.

(25) **Expedientes sociales relacionados con menores** - Conjunto ordenado de los documentos preparados y recopilados por los(as) trabajadores(as) sociales de las Unidades Sociales de Relaciones de Familia y Asuntos de Menores de los tribunales relacionados con el estudio social y supervisión de un(a) menor.

(26) **Inventario de Retención de Documentos** - Escrito que se prepara periódicamente que describe con detalle todos los documentos que serán parte del Itinerario de Retención de Expedientes, preparado por el Comité Ejecutivo.

(27) **Itinerario de Retención de Expedientes** –Itinerario que contiene la identificación de los documentos según inventariados y los periodos de retención aplicables a cada causa de acción. Véase el Anejo a este Reglamento.

(28) **Juez(a) Presidente(a)** - Juez Presidente o Jueza Presidenta del Tribunal Supremo del Estado Libre Asociado de Puerto Rico.

(29) **Metadata** – Descripción de los datos (datos sobre los datos) y sus programas y aplicaciones subyacentes. Hace posible la comprensión y verificación de los récords electrónicos, y habilita el manejo y uso de estos.

(30) **Migrar** – Proceso mediante el cual se mueven, transfieren o convierten datos o archivos almacenados electrónicamente de un medio a un nuevo medio, un programa de *software* a una nueva versión u otro programa, o de una plataforma de *hardware* a una nueva plataforma de *hardware* como parte de cualquier actualización, mejoras o *backup* de infraestructura tecnológica o un sistema de información electrónico, tales como SUMAC o cualquier otro sistema electrónico de manejo de casos que se implemente. La migración puede referirse a tareas y procedimientos para atemperar el formato de los datos, archivos o programas migrados a los requerimientos del repositorio

o programa hacia donde se transfieren. Ello, sin comprometer su confidencialidad, integridad y disponibilidad.

(31)  **Periodo de retención** – Periodo de tiempo fijado durante el cual deberá retenerse o conservarse un documento, luego del cual se dispondrá de él.  Durante este periodo de tiempo fijado, no se dispone del documento y hay que conservarlo según lo dispuesto en este Reglamento.  Los períodos de retención designados en este programa de retención se aplican a todos los registros, originados en papel o electrónicamente, e independientemente del método o formato de almacenamiento.

(32)  **Preservación** – Procesos y operaciones realizados para garantizar la permanencia intelectual y técnica de documentos de archivos a lo largo del tiempo y de conformidad con el Itinerario de Retención de Expedientes.

(33)  **Región Judicial** – Unidad administrativa principal del Tribunal de Primera Instancia. Cubre una demarcación territorial dispuesta por ley y está constituida por un centro judicial, sede de la administración regional, y por otras salas del Tribunal de Primera Instancia correspondientes a los distintos municipios que la integran.

(34)  **Registro de Auditoría (*Audit Trail*)** – Manera electrónica de rastrear las interacciones con récords dentro de un sistema electrónico que puede ser documentado.

(35)  **Regla o Reglamento** – "Reglamento del Programa de Administración de Documentos del Poder Judicial de Puerto Rico".

(36)  **Serie de récords** – Grupo de récords o expedientes lógicamente relacionados, sujetos al mismo plazo de retención y valor de disposición por la causa de acción**.**

(37)  **SUMAC** –Siglas del "Sistema Unificado de Manejo y Administración de Casos" provisto por el Poder Judicial que incluye como parte de sus objetivos, la digitalización de los expedientes judiciales y la presentación, notificación y tramitación electrónica de documentos a través del Internet.  Este sistema podría sustituirse, de ser necesario, por cualquier otro sistema electrónico.

(38)  **Tribunal** – Cualquier sala del Tribunal General de Justicia.

**Regla 7.    Clasificación**

Los documentos que estén bajo la custodia del Tribunal se clasifican en dos clases generales:

(1)    Los que forman parte de los expedientes judiciales de las causas civiles, de relaciones de familia y faltas de menores, criminales y asuntos municipales.

(2)    Los relacionados exclusivamente con los aspectos administrativos de los tribunales, de la Oficina de Administración de los Tribunales o cualquier otra dependencia del Poder Judicial y que no forman parte de los expedientes judiciales a que se refiere la clase anterior.

Debido a su naturaleza especial, los expedientes de procedimientos judiciales para faltas de menores bajo la Ley Núm. 88, *supra*, se conservarán con arreglo a lo establecido en la Regla 13 de este Reglamento y se dispondrá de ellos conforme a lo previsto en el Itinerario de Retención de Expedientes provisto en el Anejo.  Los expedientes sobre procedimientos para faltas de menores cuyo traslado se haya ordenado para ser atendido según el procedimiento para adultos, a tenor de lo dispuesto en la legislación que aplique, recibirán el mismo tratamiento que los expedientes de naturaleza criminal, según las disposiciones pertinentes de este Reglamento y del Itinerario de Retención de Expedientes.

Los expedientes de los casos de relaciones de familia, incluyendo los casos para la seguridad, el bienestar y la protección de menores de acuerdo con la Ley Núm. 246-2011, *supra*, o cualquier disposición análoga, se tratarán también como casos de naturaleza civil, incluyendo los asuntos civiles a nivel municipal.

Todas las causas de acción tienen sus correspondientes periodos de retención, los cuales se incluyen en el Itinerario de Retención de Expedientes.  Los documentos que forman un expediente judicial se tratarán como una unidad, incluso los físicos y los electrónicos.

**Regla 8.    Categoría de documentos  administrativos**

Independientemente de la clasificación hecha en la Regla 7 de este Reglamento, los(as) secretarios(as) de los tribunales y los(as) funcionarios(as) correspondientes clasificarán los documentos administrativos del Poder Judicial, que no caen bajo la definición de "expediente judicial", en las categorías siguientes:

(1)    Documentos cubiertos por legislación estatal o por contrato con dependencias federales y otras personas naturales o jurídicas donantes de fondos para beneficio de programas públicos del país, que obliguen a ser conservados por tiempo determinado o indefinidamente.

(2)    Documentos fiscales o necesarios para el examen y la comprobación de cuentas y operaciones fiscales.

(3)    Documentos que evidencian titularidad del Poder Judicial sobre una propiedad inmueble o mueble y que no están incluidos en las dos categorías anteriores.

(4)    Documentos no incluidos en las tres categorías anteriores de esta regla pero que, por su utilidad administrativa de uso diario en la administración del tribunal, de la Oficina de Administración de los Tribunales o de cualquier otra dependencia del Poder

Judicial, sean necesarios para constatar hechos pasados importantes o para utilizarse como referencia al proyectarse futuras operaciones y trazar pautas de programas.

(5)    Documentos que, por no estar comprendidos en las categorías anteriores, deben trasladarse al Archivo Central del Poder Judicial.

**Regla 9.    <u>Archivo de los expedientes judiciales</u>**

Para el manejo de casos activos, los(as) secretarios(as) del Tribunal de Primera Instancia podrán mantener archivos propios en los tribunales para los expedientes físicos en materia civil y criminal.  Estos archivos constarán de dos divisiones llamadas División de Documentos Activos y División de Documentos Inactivos. Cada una de estas divisiones tendrá una sección para los Documentos Confidenciales.  Para los documentos y expedientes en soporte digital, el sistema de manejo electrónico de casos deberá contar con la programación y con la arquitectura computacional correspondiente que permita distinguir y almacenar los expedientes según su materia civil o criminal, su estatus de activo o inactivo, así como para clasificar los casos que sean confidenciales.

En lo que respecta a la administración de los archivos del Tribunal Supremo y el Tribunal de Apelaciones, los(as) secretarios(as) seguirán las normas de estructura, forma y clasificación que dispongan en la reglamentación interna que adopten respectivamente. Para el manejo de casos del Tribunal de Apelaciones, el (la) secretario(a) los continuará catalogando con siglas y número de acuerdo a la materia y en el orden secuencial por año y orden de presentación. Para los períodos de retención, solo se mantendrá el recurso de los expedientes del Tribunal de Apelaciones. Toda vez que los documentos que forman parte del apéndice obran en el expediente del Tribunal de Primera Instancia, se podrá disponer del apéndice del recurso que se presente ante el Tribunal de Apelaciones  cuando la determinación advenga final y firme.

**Regla 10.  División de <u>Documentos Activos y División de Documentos Inactivos</u>**

En la División de Documentos Activos se mantendrán los expedientes en los que no se ha notificado una Sentencia o una Resolución final, y en la División de Documentos Inactivos se conservarán los expedientes en los que ya se notificó una Sentencia o una Resolución final, que el dictamen sea final y firme y listo para que figure en las estadísticas.

En las respectivas secciones de expedientes judiciales confidenciales se mantendrán los documentos que, por disposición de ley, regla o reglamento, deban mantenerse fuera del acceso público y separados de otros documentos.   Los documentos confidenciales que formen parte de expedientes judiciales se mantendrán marcados como un documento confidencial independientemente de la naturaleza del expediente. Si el documento confidencial está en formato físico, la Secretaría lo mantendrá en un cartapacio separado marcado como "confidencial".

Las descripciones enunciadas aplicarán igualmente a las categorías de estatus de los documentos y expedientes dentro del sistema electrónico de manejo de casos,

incluso en lo que respecta a su clasificación de confidencial. Esto puede incluir expedientes administrativos y de personal.

# Capítulo II. Expedientes judiciales civiles y criminales en formato físico y electrónico

**Regla 11.** <u>**Expedientes judiciales de naturaleza civil**</u>

Los expedientes judiciales de naturaleza civil, tanto de competencia municipal como superior, constituyen el conjunto de las diligencias practicadas por el(la) juez(a), el(la) alguacil(a) o la (el) secretaria(o), e incluirán órdenes, resoluciones, sentencias, minutas, *exhibits* y cuantos escritos adicionales deban constar en los autos de las causas civiles, incluyendo los documentos presentados por las partes. Este conjunto de documentos se organizará en el expediente judicial por el orden de su presentación. Los expedientes, tanto físicos como electrónicos, contendrán la designación del tribunal, el número con que el asunto haya sido registrado en la Secretaría o en el sistema electrónico, los nombres de las personas litigantes y sus abogados(as), el título o la indicación de la materia del proceso, la fecha en que fue presentado el caso, cualquier señalamiento en el calendario y la fecha en que el tribunal o el (la) juez(a) dicte su sentencia o resolución definitiva. La evidencia documental que sea marcada como *exhibit*, prueba ofrecida o no admitida, identificación o anejos, también formará parte del expediente físico o electrónico, aunque se encuentre físicamente en otro cartapacio distinto al expediente judicial. Los expedientes judiciales de naturaleza civil serán numerados en orden correlativo con las correspondientes siglas por cada Región Judicial. Al comenzar un año nuevo, se utilizarán las últimas dos cifras de dicho año en unión a cualquier otro símbolo que adopte el (la) Director(a) Administrativo(a) como prefijo y se comenzará una nueva numeración con dicho prefijo nuevo.

**Regla 12.** <u>**Expedientes judiciales sobre casos de familia**</u>

Los expedientes judiciales relacionados con las causas de relaciones de familia se clasificarán como expedientes civiles y constarán del conjunto ordenado y cronológico de las diligencias y mociones incluidas en un caso de familia, además de órdenes, resoluciones, sentencias, determinaciones judiciales, minutas, mociones escritas, anejos, *exhibits* y cuantos escritos adicionales deban constar en los autos, incluso los documentos presentados por las partes. Esto incluye también los expedientes relacionados con la seguridad, el bienestar y la protección de menores a tenor de la Ley Núm. 246-2011, según enmendada, *supra*. Cualquier expediente electrónico deberá contener todos los autos e identificarse según la Regla 11.

**Regla 13.** <u>**Expedientes judiciales sobre faltas de menores**</u>

Los expedientes judiciales relacionados con las faltas cometidas por menores se clasificarán como expedientes civiles y constarán del conjunto ordenado de los documentos coleccionados y cuantos escritos hayan de constar en los autos. Los expedientes físicos se identificarán por el orden de su ingreso en los autos bajo una

cubierta o carátula, la que contendrá la designación del tribunal, el número de registro asignado por la Secretaría, el nombre del (de la) menor y cualquiera otra información que requiera el (la) Director(a) Administrativo(a). Cualquier expediente electrónico deberá contener todos los autos e identificarse según la Regla 11.

**Regla 14.      Expedientes sociales de Menores**

Los expedientes sociales relacionados con menores constarán de un conjunto ordenado de documentos relacionados con el estudio social y la supervisión de un(a) menor preparados y recopilados por los(as) trabajadores(as) sociales de las Unidades Sociales de Relaciones de Familia y Asuntos de Menores de los tribunales. Incluirá, además, las notas y los documentos de trabajo utilizados por el (la) trabajador(a) social para realizar su estudio social y la supervisión de un(a) menor.  Estos expedientes se clasificarán como casos civiles.

**Regla 15.      Expedientes judiciales de naturaleza criminal**

Los expedientes judiciales sobre casos criminales contendrán el conjunto de los pliegos acusatorios, la citación, los documentos de fianzas, las órdenes de arresto, las declaraciones juradas, las mociones escritas, las minutas, los anejos, los *exhibits*, las determinaciones judiciales, las órdenes, las resoluciones, las sentencias y cualquier otro documento que forme parte de un proceso criminal, incluyendo los documentos presentados por las partes. Estos documentos se organizarán según el orden de su ingreso en los autos, bajo una cubierta o carátula que contenga la designación de la corte, el número con que el caso haya sido registrado en la Secretaría, el nombre de los acusados y sus abogados(as), el título o indicación de la materia o el proceso, la fecha en que fueron presentados, la fecha de los señalamientos en el calendario, la fecha de la sentencia o resolución definitiva y cualquier otra información que determine el (la) Director(a) Administrativo(a). La evidencia documental que se marque como *exhibit*, como prueba ofrecida o no admitida, como identificación o como anejos también formará parte del expediente físico o electrónico, aunque se encuentre físicamente también en otro cartapacio distinto al expediente judicial.

Los expedientes judiciales de naturaleza criminal se numerarán en orden correlativo y continuarán sin alterarse hasta finalizar el año natural. Al comenzar un año nuevo, se utilizarán las últimas dos cifras de dicho año junto a cualquier otro símbolo que adopte el (la) Director(a) Administrativo(a) como prefijo y se comenzará una nueva numeración con dicho prefijo nuevo. El expediente se confeccionará inmediatamente después que se presente la denuncia en el registro de casos criminales y continuará con la misma numeración hasta que se concluyan las etapas de vista preliminar, juicio en su fondo y cualquier etapa posterior.

**Regla 16.      Conservación como documentos activos o inactivos**

Los expedientes de naturaleza civil y criminal se conservarán en la División de Documentos Activos hasta que se dicte una sentencia o una resolución final y sea

notificada. Una vez dictada la disposición resolutoria y sea final y firme, los expedientes pasarán a la División de Documentos Inactivos. Este mismo criterio se observará para el cambio de clasificación de activo a inactivo con respecto a la información, los documentos y los expedientes de casos civiles y criminales en soporte digital. Existirá un medio electrónico de documentos inactivos.

## Regla 17.    Expedientes confidenciales

Los expedientes clasificados como confidenciales se conservarán en la Sección de Documentos Confidenciales, no accesibles al público, para usarse y revisarse exclusivamente para los propósitos dispuestos por ley, regla o reglamento. Los documentos confidenciales que forman parte de un expediente judicial confidencial deberán separarse de otros documentos en el mismo expediente y solo podrán usarse y revisarse exclusivamente para los propósitos dispuestos por ley, regla o reglamento.

Estos expedientes o documentos se conservarán en la Sección de Documentos Confidenciales del Archivo Central del Poder Judicial, según el Itinerario de Retención de Expedientes. En cuanto a los expedientes electrónicos, se tomarán las mismas medidas dispuestas aquí, según las directrices administrativas de informática o sobre asuntos de migración de expedientes.

Los expedientes judiciales y los expedientes sociales confidenciales se mantendrán separados en el Archivo Activo Confidencial.

# Capítulo III. Documentos fiscales

## Regla 18.    Período de conservación

La conservación, administración y disposición de los documentos fiscales originales, aunque se haya reproducido y exista una copia, quedarán sujetas a la reglamentación adoptada conforme a derecho por el (la) Secretario(a) de Hacienda del Estado Libre Asociado de Puerto Rico. En caso de que cualquier período de conservación provisto en este capítulo resulte mayor que el fijado por la reglamentación adoptada por el (la) Secretario(a) de Hacienda, se considerará y conservará el documento, para los fines propios del Poder Judicial, como un documento no fiscal a partir del vencimiento del término fijado por dicha reglamentación.

## Regla 19.    Archivo Activo

Los documentos fiscales permanecerán en el Archivo Activo en las respectivas salas o dependencias correspondientes hasta que se realice la intervención del (de la) Contralor(a) en relación con estos, luego de lo cual se trasladarán al Archivo Central, conforme lo dispuesto en este Reglamento.

**Regla 20.** <u>Documentos originales; Archivo Central</u>

La versión original de los documentos fiscales o cualquier reproducción de estos, según sea el caso, se conservarán en el Archivo Central por dieciséis años. No obstante, en los casos en que el período prescriptivo para reclamaciones contra el Estado esté fijado por ley, el período de conservación será de un año mayor al período prescriptivo o hasta que se haya realizado una intervención del Contralor, el periodo que sea mayor.

**Regla 21.** <u>Título de propiedad pública</u>

Los documentos fiscales que constituyen evidencia de título sobre propiedad pública se conservarán en el Archivo Central mientras se posea el Título sobre la propiedad o por el tiempo indicado en la regla que precede.

**Regla 22.** <u>Términos especiales</u>

Los documentos fiscales que se enumeran a continuación se conservarán en el Archivo Central por el término que se expresa:

(1)    Los documentos fiscales relacionados con dependencias federales u otras entidades e individuos que hagan donaciones a programas públicos, que obliguen a conservarlos sin límite de tiempo o por un tiempo determinado, se conservarán por el tiempo indicado en estos o por el tiempo indicado en el Itinerario de Retención de Expedientes, el periodo que sea mayor.

(2)    Los documentos en proceso de investigación o pendientes de acción judicial se conservarán hasta tanto se resuelva finalmente el caso y expire el término concedido para presentar una apelación o por el tiempo indicado en el Itinerario de Retención de Expedientes, el periodo que sea mayor.

(3)    Cualquier documento fiscal relacionado con determinada operación que por razones de ley deba conservarse, se conservará hasta tanto se disponga por ley lo contrario.

(4)    Los documentos fiscales que por estar relacionados con el manejo de los asuntos públicos o los que por su valor legal informativo sea necesario conservarlos como prueba de las operaciones, se conservarán mientras sea necesario.

## Capítulo IV. Documentos que no forman expedientes de causas civiles y criminales; documentos administrativos

### Regla 23.    Documentos activos e inactivos

En la División de Documentos Activos de las respectivas dependencias del Poder Judicial se mantendrán los documentos que no forman expedientes de causas civiles y criminales que, por su utilidad administrativa, se utilizan frecuentemente. Esto incluye expedientes de personal de quienes trabajan aún en el Poder Judicial.

En la División de Documentos Inactivos de las respectivas dependencias del Poder Judicial se mantendrán los documentos que no forman expedientes de causas civiles y criminales, y que se consultan con poca frecuencia.  Esto incluye los expedientes de personal de quienes cesaron funciones en el Poder Judicial.

### Regla 24.    Traslados

Los documentos que no forman expedientes de causas civiles y criminales de cualquier dependencia del Poder Judicial, incluyendo el Tribunal de Apelaciones y el Tribunal Supremo, se trasladarán al Archivo Central del Poder Judicial conforme ordene el (la) Juez(a) Presidente(a).

## Capítulo V. Normas de conservación y custodia

### Regla 25.    Conservación, custodia y preservación

Las personas que tengan a su cargo la custodia de documentos serán responsables de la conservación, control y uso de estos, conforme se disponga en este Reglamento.

Tanto para los documentos y expedientes en papel como para los contenidos en medios electrónicos deberán establecerse e implementarse planes que permitan velar por su preservación continua, según sus características, de modo que se garantice la accesibilidad, integridad y comprensión constante de su contenido. Para procurar el acceso y la lectura a través del tiempo de los documentos y expedientes en formato electrónico, el plan que se desarrolle deberá incluir, sin que se entienda como una limitación, la migración planificada y periódica de los documentos, así como la captura de la metadata para su traslado a nuevos formatos de almacenamiento, según se establezca. La Directoría de Informática propondrá la frecuencia con la que se realizarán las migraciones como parte del plan que se elabore.

### Regla 26.    Protección de la integridad y seguridad de los documentos

El Comité Ejecutivo recomendará la elaboración e implementación de los planes y programas que protejan razonablemente la integridad y seguridad de los documentos.

En estos planes y programas, los miembros que conformen el Comité Ejecutivo observarán lo siguiente:

(1)	Que se tomen las precauciones necesarias para proteger los documentos contra riesgos tales como fuego, huracanes, terremotos y otros desastres naturales similares, así como los provocados por la intervención de los seres humanos, como es el caso de vandalismo, apagones y ciberataques, entre otros incidentes o desastres análogos.

(2)	Que los sitios de almacenaje de los documentos estén a prueba de humedad y sequedad excesivas, que el lugar tenga suficiente ventilación y ofrezca las condiciones medioambientales y de almacenamiento mínimas, según el formato, para mitigar el deterioro físico y conservar íntegros los documentos y su contenido.

(3)	Que se proporcionen los niveles de protección adecuados según el formato y el tipo de expediente. Esto exigirá adoptar medidas de seguridad y de control de acceso razonables que protejan contra el acceso no autorizado y la alteración o divulgación inadvertida de la información y documentación judicial.

# Capítulo VI.  Archivo Central del Poder Judicial

### Regla 27.	Función del Archivo Central

En el Archivo Central, también conocido por "Área de Administración de Documentos", se conservarán los documentos de los Archivos Inactivos del Poder Judicial hasta su disposición conforme a este Reglamento y al Itinerario de Retención de Expedientes.

### Regla 28.	Director(a) del Archivo Central

La dirección del Archivo Central del Poder Judicial estará a cargo de un(a) Director(a) del Área de Administración de Documentos que será responsable de la custodia, la conservación y el uso de todos los documentos existentes.  El (La) Director(a) está autorizado(a) para expedir y certificar copias de aquellos documentos confiados a su custodia, las cuales podrán admitirse en evidencia. El (La) Director(a) del Área de Administración de Documentos tendrá y custodiará un sello oficial que estampará en toda certificación de documentos físicos y electrónicos, y que los tribunales validarán su autenticidad.

### Regla 29.	Funcionamiento

El (La) Director(a) del Área de Administración de Documentos, con la aprobación del (de la) Director(a) Administrativo(a), establecerá las normas de funcionamiento del Archivo Central, asignará el personal que sea necesario para lograr los propósitos de

este Reglamento y establecerá el procedimiento de traslado de los documentos al Archivo Central.

## Capítulo VII. Disposición de documentos

### Regla 30.    Forma de computar los períodos de retención

Para el cómputo del período de conservación de la serie de récords o categoría de expedientes correspondiente, dispuestos en el Itinerario de Retención de Expedientes, se utilizarán como punto de partida la fechas en que advengan finales y firmes los dictámenes o las sentencias de los casos sobre los que se basan los respectivos expedientes, salvo que se disponga otro punto de partida en el referido Itinerario.

### Regla 31.    Creación del Comité Ejecutivo; facultades

Como parte esencial del Programa de Administración de Documentos del Poder Judicial, según habilitado por ley y este Reglamento, se creará un Comité Ejecutivo según definido en la Regla 6, que será el responsable de evaluar periódicamente o a solicitud del (de la) Director(a) Administrativo(a) los itinerarios de retención. El Comité Ejecutivo recomendará para que se dispongan sistemáticamente los expedientes judiciales y demás documentación del Tribunal General de Justicia, lo que puede incluir su preservación indefinida, la transferencia o la destrucción. Lo anterior sin menoscabo a las disposiciones establecidas en la Regla 26 de este Reglamento.

Salvo lo dispuesto en este Reglamento, los itinerarios para la retención de los expedientes estarán en vigor hasta que se deroguen o enmienden.  El (la) Director(a) Administrativo(a), previa recomendación del Comité Ejecutivo, podrá enmendar los itinerarios para añadir nuevas categorías o series de récords judiciales, modificar o eliminar algunas de las establecidas en este Reglamento para atemperar los itinerarios a los cambios tecnológicos, de materias y de procedimientos judiciales que puedan surgir. De igual modo, el (la) Director(a) Administrativo(a) podrá, previa recomendación del Comité Ejecutivo, asignar a las categorías de récords creadas o modificadas los plazos de conservación correspondientes.

### Regla 32.    Disposición general de documentos

En el caso de la disposición de los documentos físicos, estos deberán estar acompañados de un récord mediante el que se certifique la destrucción operada y en el que se describa la categoría de expedientes o de documentos a los que pertenecían, la fecha y el método de disposición, la autoridad para realizarla, entre otros elementos de información. Para cumplir estos mismos propósitos con respecto a la documentación y a los expedientes electrónicos, se retendrá un Registro de Auditoría (*Audit Trail*) acreditativo del proceso de destrucción y se preservará la metadata asociada necesaria de los récords destruidos conforme al Itinerario de Retención de Expedientes.

Los expedientes en papel que sean sometidos al procedimiento de digitalización o de cualquier otra técnica de reproducción debidamente autorizada, podrán destruirse previa certificación del (de la) Director(a) del Área de Administración de Documentos de que se cumplieron con los estándares de calidad y demás requisitos establecidos en la reglamentación vigente para la captura digital o técnica aplicable autorizada. Los expedientes reproducidos así tendrán el carácter de récord oficial.

El (La) Director(a) Administrativo(a) podrá diferir o posponer temporalmente por justa causa la disposición o destrucción programada conforme al Itinerario de Retención aplicable de un expediente o grupo de expedientes judiciales.

**Regla 33.** **Almacenamiento electrónico de documentos**

Todos los registros presentados y/o almacenados en cualquier forma electrónica deben actualizarse o migrarse en periodos de tiempo afines a las mejores prácticas de la industria de la tecnología que garanticen seguridad, integridad y disponibilidad. Esto requiere que los tribunales cuenten con el equipo y los productos indispensables para recuperar copias confiables y completas de los expedientes según sea necesario durante la vida útil de estos.

**Regla 34.** **Procedimiento**

El (La) Director(a) del Área de Administración de Documentos preparará anualmente un inventario sobre la disposición de documentos y/o expedientes bajo su custodia, el cual debe incluir, por lo menos, la información siguiente:

(1) título

(2) identificación

(3) tiempo durante el cual debe retenerse el documento

(4) fecha y volumen de los documentos

El (La) Juez(a) Presidente(a), o su representante, aprobará estas listas sobre disposición de documentos, luego de lo cual se enviará copia del inventario al Archivero General de Puerto Rico, quien indicará, dentro del término de sesenta días desde el envío del referido inventario, los documentos que interesa. Los documentos que no reclame el Archivero General deberán destruirse conforme la orden del (de la) Juez(a) Presidente(a). Los documentos reclamados se trasladarán al Archivo General de Puerto Rico y el Archivero General extenderá un certificado de recibo al (a la) Juez(a) Presidente(a).

## Capítulo VIII. Disposiciones generales

**Regla 35.** <u>**Reglamento**</u>

El (La) Director(a) Administrativo(a) podrá adoptar las normas y la reglamentación supletorias en todo lo que sea compatible con este Reglamento.

**Regla 36.** <u>**Delegación**</u>

El (La) Juez(a) Presidente(a) podrá delegar en el (la) Director(a) Administrativo(a) o en otros funcionarios del Poder Judicial cualesquiera facultades que le conceden este Reglamento.

**Regla 37.** <u>**Cláusula derogatoria**</u>

Este Reglamento deroga el Reglamento para la Administración del Programa de Conservación y Disposición de Documentos de la Rama Judicial de 9 de febrero de 1975 y las Reglas para la Administración del Programa de Conservación y Disposición de Documentos de la Rama Judicial, y cualquier orden administrativa, circular o memorando que sea incompatible con las disposiciones de este Reglamento.

**Regla 38.** <u>**Separabilidad**</u>

Si cualquier parte, artículo, párrafo o inciso de este Reglamento fuera declarado inconstitucional o nulo por un tribunal con jurisdicción competente, las demás disposiciones continuarán vigentes.

**Regla 39.** <u>**Vigencia**</u>

Este Reglamento comenzará a regir inmediatamente.

**REGLAMENTO DEL PROGRAMA DE ADMINISTRACIÓN
DE DOCUMENTOS DEL PODER JUDICIAL DE PUERTO**


# ANEJO

# ITINERARIO DE RETENCIÓN DE EXPEDIENTES


## A. ITINERARIO DE RETENCIÓN - EXPEDIENTES DELTRIBUNAL DE PRIMERA INSTANCIA

| Clasificación y subclasificación de documentos | Periodo de Retención Expedientes en Papel | | Período de Retención Expedientes Digitales | Disposición |
|---|---|---|---|---|
| | Sala | Archivo Central | | |
| (1) **CIVIL** | | | | |
| a. Caso archivado con perjuicio, desistido o desestimado | 1 año | 2 años | 3 años | Destrucción |
| b. Caso archivado sin perjuicio | 1 año | 5 años | 6 años | Destrucción |
| c. Civil general (daños y perjuicios; contratos; laboral; recursos extraordinarios; misceláneos) | 5 años | 10 años | 15 años | Destrucción |
| d. Inmuebles (expediente de dominio, expropiación forzosa, ejecución de hipoteca, usucapión, etc.) | 5 años | 20 años | 25 años | Destrucción |
| e. Sobre las Personas | 2 años | 10 años | 12 años | Destrucción |
| 1. Tutela | 5 años a partir de que cesa la tutela o del fallecimiento del incapaz | 5 años | 10 años a partir de que cesa la tutela o del fallecimiento del incapaz | Destrucción |
| 2. Emancipación | 2 años | 2 años | 4 años | Destrucción |

| Clasificación y subclasificación de documentos | Periodo de Retención Expedientes en Papel | | Período de Retención Expedientes Digitales | Disposición |
|---|---|---|---|---|
| | Sala | Archivo Central | | |
| f. Familia (custodia; divorcio; filiación; maltrato de menores; matrimonio) | | | | |
| 1. Alimentos | | | | |
| (a) Menores | 2 años a partir de alcanzar la mayoridad | 5 años | 7 años a partir de alcanzar la mayoridad | Destrucción |
| (b) Incapaces | Hasta que el incapaz fallezca o cese la incapacidad | 5 años | 5 años desde que el incapaz fallezca o de que cese la incapacidad | Destrucción |
| (c) Entre parientes (cónyuges) | Hasta que fallezca o cese la pensión | 5 años | 5 años desde que el pariente fallezca o de que cese la pensión | Destrucción |
| 2. Divorcio | | | | |
| (a) Con menores | 5 años posteriores a que los hijos alcancen la mayoría de edad o en el supuesto de que existan incapacitados | 5 años | 10 años luego de que los hijos alcancen la mayoría de edad o en el supuesto de que existan incapacitados | Destrucción |
| (b) Sin menores | 2 años | 5 años | 7 años | Destrucción |
| 3. Custodia | 2 años a partir de que el (los) menor(es) alcance(n) la mayoridad | 5 años | 7 años | Destrucción |
| 4. Filiación | 2 años a partir de que | 5 años | 7 años | Destrucción |

| Clasificación y subclasificación de documentos | Periodo de Retención Expedientes en Papel | | Período de Retención Expedientes Digitales | Disposición |
|---|---|---|---|---|
| | Sala | Archivo Central | | |
| | el(los) menor(es) alcance(n) la mayoría | | | |
| 5. Maltrato de Menores | Hasta que el menor cumpla 21 años de edad | Disponer | Hasta que el menor cumpla 21 años de edad | Destrucción |
| 6. Asuntos de Menores (Ley de Menores) | Hasta que el menor cumpla 21 años de edad | Disponer | | Destrucción |
| (a) Caso desestimado o en el que no se ha determinado causa | ---------------- | Destrucción inmediata del expediente luego de recopilar la información estadística correspondiente | | Destrucción |
| 7. Adopción | 2 años a partir de la mayoría de edad | 15 años | 17 años a partir de la mayoría de edad | Destrucción |
| g. Herencia | 2 años | 5 años | 7 años | Destrucción |
| 1. Impugnación de testamento | 2 años | 10 años | 12 años | Destrucción |
| 2. Partición de herencia | 2 años | 10 años | 12 años | Destrucción |
| h. Acciones provisionales | 1 año | 2 años | 3 años | Destrucción |
| i. Misceláneos (reposesiones, consignaciones, impugnación de confiscación, etc.) | 2 años | 5 años | 7 años | Destrucción |
| j. Órdenes de protección | | | | |
| a. Denegadas | | 30 días desde que la | 30 días desde que la | Destrucción |

| Clasificación y subclasificación de documentos | Periodo de Retención Expedientes en Papel | | Período de Retención Expedientes Digitales | Disposición |
|---|---|---|---|---|
| | Sala | Archivo Central | | |
| | | determinación adviene final | determinación adviene final | |
| b. Concedidas | | 90 días luego de haber expirado | 90 días luego de haber expirado | Destrucción |
| k. Revisión boletos de tránsito | 1 año | 3 años | 3 años | Destrucción |
| (2) **CRIMINAL** | | | | |
| a. Expedientes de casos criminales en general | 3 años desde que las sentencias sean finales y firmes. | 10 años desde que se cumplieron las sentencias | | Destrucción |
| 1. Sentencias condicionadas | Hasta que el convicto cumpla | 10 años desde que se cumplieron las sentencias | | Destrucción |
| 2. Reclusión perpetua | 3 años desde que las sentencias sean finales y firmes | Hasta que el convicto fallezca | | Destrucción |
| 3. Casos de reincidencia | 3 años desde que las sentencias sean finales y firmes | Hasta que el convicto fallezca o hasta que el término durante el cual pueda alegarse reincidencia haya transcurrido | | Destrucción |
| 4. Clemencia ejecutiva | | | | |
| a. Conmutación de sentencia | 2 años | 10 años | | Destrucción |
| b. Indulto | ---------- | 10 años a partir de la fecha de su vigencia | | Destrucción |
| c. Clemencia con condiciones | Hasta que se cumpla la condición o fallezca el convicto | 10 años luego de complida las condiciones; procederá la disposición del | | Destrucción |

| Clasificación y subclasificación de documentos | Periodo de Retención Expedientes en Papel | | Período de Retención Expedientes Digitales | Disposición |
|---|---|---|---|---|
| | Sala | Archivo Central | | |
| | | expediente en caso de fallecimiento | | |
| b. Vista Preliminar (Determinación de no causa) | 6 meses desde la determinación de no causa | Disponer | | Destrucción |
| c. Determinación de causa probable para arresto (R. 6) (Determinación de no causa) | 6 meses desde la determinación de no causa | Disponer | | Destrucción |

## B. ITINERARIO DE RETENCIÓN - EXPEDIENTES DEL TRIBUNAL DE APELACIONES

| Clasificación y subclasificación de documentos | Periodo de Retención[1] | | Disposición |
|---|---|---|---|
| | Secretaría | Archivo Central | |
| (1) **Apelación (Civil)** | | | |
| a. Civil General [2] | 1 año desde que el dictamen advenga final y firme | 5 años | Destrucción |
| b. Relaciones de Familia | 1 año desde que el dictamen advenga final y firme | 7 años | Destrucción |
| c. Asuntos de Menores | 1 año desde que el dictamen advenga final y firme | Disponer | Destrucción |
| (2) **Apelación (Criminal)** | 1 año desde que el dictamen advenga final y firme | 10 años | Destrucción |

---

[1] Los plazos combinados —del archivo de la Secretaría y del Archivo Central— para la retención de las series de expedientes en papel serían los aplicables en caso de que se digitalizaran o ingresaran al SUMAC.
[2] Incluye los recursos extraordinarios en primera instancia de hábeas corpus y *mandamus*.

| Clasificación y subclasificación de documentos | Periodo de Retención[1] | | Disposición |
|---|---|---|---|
| | Secretaría | Archivo Central | |
| (3) **Certiorari (Civil y Criminal)** | 6 meses | 3 años | Destrucción |
| (3) **Revisión Judicial** | 1 año desde que el dictamen advenga final | 5 años | Destrucción |
| (4) **Misceláneos**[3] | 1 año desde que el dictamen advenga final | Disponer | Destrucción |

## C. ITINERARIO DE RETENCIÓN - EXPEDIENTES DEL TRIBUNAL SUPREMO

| Clasificación y subclasificación de documentos | Periodo de Retención[4] | | Disposición |
|---|---|---|---|
| | Secretaría | Archivo Central | |
| (1) **RECURSOS JUDICIALES**[5] | 3 años desde que el dictamen advenga final y firme | 10 años | Destrucción o reproducción en formatos de calidad de archivo o convertido a formato electrónico para su preservación indefinida según lo determine el Tribunal Supremo |
| a. Criminal | 3 años desde que el dictamen advenga final y firme | 10 años | Destrucción o reproducción en formatos de calidad de archivo o convertido a formato electrónico para su preservación indefinida según lo determine el Tribunal Supremo |
| (2) **ASUNTOS DISCIPLINARIOS** | | | |
| a. Conducta Profesional | 6 años desde que el dictamen | 5 años | Destrucción o reproducción en formatos de calidad de archivo o |

---

[3] Incluye los recursos desistidos, archivados, desestimados, denegados o declarados "no ha lugar".

[4] Los plazos combinados —del archivo de la Secretaría y del Archivo Central— para la retención de las series de expedientes en papel serían los aplicables en caso de que se digitalizaran o ingresaran al SUMAC.

[5] En función de la manera particular como se clasifican y se manejan los expedientes en la Secretaría del Tribunal Supremo, esta categoría incluye expedientes de casos civiles, jurisdicción original (recursos extraordinarios), certificaciones inter- e intrajurisdiccionales y recursos gubernativos.

| Clasificación y subclasificación de documentos | Periodo de Retención[4] | | Disposición |
|---|---|---|---|
| | Secretaría | Archivo Central | |
| | advenga final y firme | | convertido a formato electrónico para su preservación indefinida según lo determine el Tribunal Supremo |
| b. Disciplina Judicial | 3 años de que haya cesado el juez | 10 años | Destrucción o reproducción en formatos de calidad de archivo o convertido a formato electrónico para su preservación indefinida según lo determine el Tribunal Supremo |
| (3) **MISCELÁNEOS**[6] | 3 años desde que el dictamen advenga final | Disponer | |
| (4) **PROGRAMA DE EDUCACIÓN JURÍDICA CONTINUA** | | | |
| (a) Información relacionada con los Proveedores, incluye la solicitud con su documentación | 6 años desde que el dictamen advenga final y firme | 5 años | Destrucción o reproducción en formatos de calidad de archivo o convertido a formato electrónico para su preservación indefinida según lo determine el Tribunal Supremo |
| (b) Información relacionada con los cursos | 6 años desde que se provee el curso | 5 años | Destrucción o reproducción en formatos de calidad de archivo o convertido a formato electrónico para su preservación indefinida según lo determine el Tribunal Supremo |
| (c) Abogados | | | |

---

[6] Incluye los recursos desistidos, archivados, desestimados, denegados o declarados no ha lugar.

| Clasificación y subclasificación de documentos | Periodo de Retención[4] | | Disposición |
|---|---|---|---|
| | Secretaría | Archivo Central | |
| Abogados activos, inactivos, suspendidos, fallecidos o referidos al Tribunal Supremo | 6 años desde que el dictamen advenga final y firme | 5 años | Destrucción o reproducción en formatos de calidad de archivo o convertido a formato electrónico para su preservación indefinida según lo determine el Tribunal Supremo |